UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 3501 N. CAUSEWAY ASSOCIATES, LLC; ET AL | CIVIL ACTION |
| VERSUS | NO. 22-3787 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON; ET AL | SECTION: "J"(2) |

**ORDER AND REASONS**

Before the Court is a *Motion to Reconsider and For Clarification of the Denial of Defendants' Motion to Compel Arbitration* **(Rec. Doc. 15)** filed by Defendants, Certain Underwriters at Lloyd's, London; Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; United Specialty Insurance Company; HDI Global Specialty SE; Old Republic Union Insurance; GeoVera Specialty Insurance Company; and Traverse Specialty Insurance Company (collectively, "Defendants"); an opposition (Rec. Doc. 16) filed by Plaintiffs, 3501 N. Causeway Associates, LLC; David H. Gayle, in his capacity as trustee of the 2003 David H. Gayle and Sara L. Gayl Revocable Trust; and Weiss Investments, a California Limited Partnership ("Plaintiffs" or "3501 N. Causeway"); and a reply (Rec. Doc. 19) filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion to reconsider should be **GRANTED**, as should Defendants' prior motion to compel arbitration.

**FACTS AND PROCEDURAL BACKGROUND**

This case arises out of a claim for alleged damage to the property located at 3501 N. Causeway Boulevard, Metairie, Louisiana (the "Property") as a result of

Hurricane Ida. On August 29, 2021, Hurricane Ida made landfall in Port Fourchon, Louisiana as a Category 4 Hurricane, and the storm traveled north over the New Orleans metropolitan area. Plaintiffs allege that the Property sustained damage to its roof and exterior, resulting in water infiltrating and damaging the interior of the building as well as Plaintiffs' business personal property. At the time, the Property was insured by a policy underwritten by Defendants (the "Policy"), and Plaintiffs made a claim against the Policy. Plaintiffs filed a claim for damages and disputed Defendants' coverage determination. Plaintiffs subsequently filed a petition for damages in Louisiana state court for inadequate payments, and Defendants proceeded to remove the case to this Court.

On November 30, 2022, this Court denied Defendants' motion to compel arbitration and stay proceedings, explaining that the failure of either party to timely opt out of the Court's Hurricane Ida Streamlined Settlement Program ("SSP"), as described in the Court's Hurricane Ida Case Management Order ("CMO"), resulted in the matter being subject to the SSP. (Rec. Doc. 14). As the Court explained, the failure to opt out of the SSP indicated that the parties elected to participate in the SSP. *Id.*

Defendants filed the present motion for reconsideration on December 27, 2022, asking this Court to reconsider its Order denying their motion to compel arbitration. (Rec. Doc. 15). Defendants move for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60(b)(6). (Rec. Doc. 15-1, at 1). In their memorandum, Defendants argue that their motion to compel arbitration was not a responsive

pleading that could signal an election to participate in the SSP and reiterate that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") supersedes the CMO, so arbitration is mandatory. *Id.* at 5-7.

Plaintiffs responded by contending that the Court should clarify that the previous Order (Rec. Doc. 14) was a denial without prejudice. (Rec. Doc. 16, at 2). Defendants' reply cites to a recent Order in another Section, *419 Carondelet, LLC v. Certain Underwriters at Lloyd's London, et al*, which granted reconsideration of a similar motion. (Rec. Doc. 19, at 3).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Snowizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

Defendants request that the Court reconsider its November 25, 2022 Order denying Defendants' motion to compel arbitration. (Rec. Doc. 14). That Order did not address the validity of the arbitration clause in the parties' insurance contract. Instead, the Court based the ruling on the requirements of the Court's Hurricane Ida Case Management Order, which presumes litigants in Hurricane Ida cases are subject to the SSP. (Rec. Doc. 8, at 5). However, parties may opt out of the SSP by petitioning the presiding Magistrate Judge "within 15 days of the filing of the defendant's responsive pleading (or if later then within 15 days of either and Order

denying a motion for remand or of entry of this Order)." *Id.* The CMO was filed into the record in this case on October 18, 2022 and again with exhibits on October 31, 2022. (Rec. Docs. 4, 8). Defendants filed their motion to compel arbitration on October 18, 2022. (Rec. Doc. 18). On November 25, 2022, the Court found that neither party had timely petitioned to opt out of the SSP within fifteen days of entry of the CMO. Thus, the Court concluded that the parties had elected to participate in the SSP and denied the motion to compel arbitration. (Rec. Doc. 14).

In the instant motion, Defendants ask the Court to reconsider this rigid reading of the CMO and either grant the motion to compel arbitration or clarify that the denial of the motion was without prejudice such that Defendants may compel arbitration after conclusion of the SSP process. (Rec. Doc. 15-1, at 4-5). Defendants assert that the Convention supersedes the CMO and mandates that the dispute be sent to arbitration. *Id.* at 6.

Like the Court in *419 Carondelet, LLC v. Certain Underwriters at Lloyd's, London*, No. CV 22-4311, 2023 WL 143318 (E.D. La. Jan. 10, 2023), the Court finds that the purpose of the Hurricane Ida CMO and the clear language of the arbitration clause here require this Court to reconsider and grant Defendants' motion to compel arbitration in this matter. The purposes of the Hurricane Ida CMO and SSP are "to eliminate increased difficulties to the parties involved, to bring as much of this litigation to resolution as justly and expeditiously as possible, and to allow the citizens of this District to move forward with their respective recoveries." (Rec. Doc. 8, at 1-2). In this case, the Court finds that the parties' contract as well as binding

precedent require arbitration, and compelling arbitration will bring this matter to resolution justly and expeditiously, in accordance with the CMO's objectives. Accordingly, Defendants have clearly established that reconsideration is necessary to correct an error in law or to prevent manifest injustice—two of the factors required for a Rule 59 motion for reconsideration.

Louisiana law generally prohibits arbitration clauses. *See* La. Stat. Ann. § 22:868 ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer"). However, the Convention, as implemented by Congress in 9 U.S.C. §§ 201 *et seq.*, preempts and supersedes state law. *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 432 (5th Cir. 2019), as revised (June 6, 2019); *Safety Nat. Cas. Corp. v. Certain Underwriters At Lloyd's, London*, 587 F.3d 714, 725 (5th Cir. 2009). The Convention requires this Court to enforce an arbitration clause if four criteria are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).

The Contract governing the set of policies issued by Defendants to Plaintiffs includes an arbitration clause that submits "[a]ll matters in difference between the Insured and the Companies . . . in relation to this insurance, including its formation

and validity . . . to an Arbitration Tribunal in the manner hereinafter set out." (Rec. Doc. 15-3, at 38). The Contract also provides that the arbitration "shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance." *Id.* Therefore, the four criteria necessary to compel arbitration are met in this case: (1) there is a written agreement to arbitrate; (2) the arbitration agreement provides for arbitration in the United States, a signatory nation; (3) that the agreement arises out of a commercial legal relationship, insurance; and (4) Defendants Certain Underwriters at Lloyd's, London and HDI Global Specialty SE are not American citizens.[1] (Rec. Docs. 1-2, at 5-6; 5-1, at 6-8; 15-3, at 2). Because all four requirements are met, the Court must order the parties to arbitration.

Defendants request that the Court dismiss the instant action, or in the alternative, stay the action pending the outcome of arbitration. (Rec. Doc. 5-1, at 8). When a suit is referable to arbitration, the court in which such suit is pending "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Therefore, the Court stays this matter pending resolution of the proceedings through arbitration.

Accordingly,

---

[1] Compelled arbitration is warranted as to both the foreign Defendants and the domestic Defendants whose conduct is "intertwined, indeed identical." *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. March 4, 2020). Here, each Defendant subscribed to the same insurance policy for the same property, so compelled arbitration is warranted for all the insurers.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' *Motion to Reconsider and For Clarification of the Denial of Defendants' Motion to Compel Arbitration* **(Rec. Doc. 15)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' *Motion to Compel Arbitration and Dismiss Plainitffs' Claims or Alternatively, Stay Proceedings* **(Rec. Doc. 5)** is **GRANTED.** The Clerk of Court shall **STAY and administratively close** this case, to be reopened, if necessary and upon written motion by a party, after arbitration is completed.

New Orleans, Louisiana, this 3rd day of February, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE