UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

3501 N. CAUSEWAY ASSOCIATES,                 CIVIL ACTION
LLC ET AL.
                                             NO. 22-3787
VERSUS
                                             SECTION: "J"(2)
CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON ET AL.

## ORDER AND REASONS

Before the Court are Plaintiffs' *Motion to Reopen Proceedings, Lift Stay, and Reconsider/Set Aside Prior Order Granting Motion to Stay Proceedings and to Compel Arbitration* **(Rec. Doc. 34)**, Defendants' opposition (Rec. Doc. 37), and a reply (Rec. Doc. 38). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a claim for alleged property damage located at 3501 N. Causeway Boulevard, Metairie, Louisiana (the "Property") as a result of Hurricane Ida. On August 29, 2021, Hurricane Ida made landfall in Port Fourchon, Louisiana as a Category 4 Hurricane, and the storm traveled north over the New Orleans metropolitan area. Plaintiffs allege that the Property sustained damage to its roof and exterior, resulting in water infiltrating and damaging the interior of the building as well as Plaintiffs' business personal property.

At the time, the Property was insured by a policy underwritten by Defendants (the "Policy"). Defendants consist of nine domestic insurers and two foreign insurers.

The insurance contract states that the Policy is to be read as separate contract of insurance for each Defendant Insurer. It states as follows:

> This contract shall be construed as a separate contract between the Insured and each of the Underwriters. This evidence of coverage consists of separate sections of a composite insurance for all Underwriter's at Lloyd's combined and separate policies issued by the insurance company(ies), all as identified below.

(Rec. Doc. 5-3, Exhibit B, at 5). The Policy also provides separate certificate/policy numbers for each Defendant Insurer, with each Defendant Insurer having assigned its own policy/certificate number to the coverage that it separately provides. *Id.*

Plaintiffs filed a claim for damages and disputed Defendants' coverage determination. Plaintiffs subsequently filed a petition for damages in Louisiana state court for inadequate payments, and Defendants removed the case to this Court.

Previously, the Court denied Defendants' motion to compel arbitration and stay proceedings, explaining that the failure of either party to timely opt out of the Court's Hurricane Ida Streamlined Settlement Program ("SSP"), as described in the Court's Hurricane Ida Case Management Order ("CMO"), resulted in the matter being subject to the SSP. (Rec. Doc. 14).

Defendants then filed a motion for reconsideration, asking the Court to reconsider its Order denying their motion to compel arbitration and arguing that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") supersedes the CMO as to the foreign insurers such that arbitration is mandatory for all Defendants, including the nine domestic insurers. Agreeing with the Defendants, the Court granted the motion, compelling arbitration and staying the proceedings, and further finding the compelled arbitration was warranted as to

both the foreign Defendants and the domestic Defendants because their conduct was "intertwined, indeed identical." (Rec. Doc. 20, at 7 n. 1).

Now, in this instant motion, Plaintiffs seek to reopen the proceedings, lift stay, and reconsider the Court's Order granting Defendants' motion for reconsideration and compelling arbitration pursuant to 54(b) of the Federal Rules of Civil Procedure. (Rec. Doc. 34-2, at 1).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990*), abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). Rules 59 and 60, however, apply only to final judgments. *SnoWizard*, 921 F. Supp. 2d at 563–64. "Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Id.* at 564 (citation omitted).

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision...[that] does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Reconsideration of interlocutory

orders under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Id.* (finding that district court abused its discretion in denying plaintiff's motion for reconsideration under Rule 59(e) rather than under Rule 54(b)). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere*, 910 F.2d at 185).

## DISCUSSION

Plaintiffs request reconsideration of the Court's Order compelling arbitration. Such an order does not present a final judgment and is not otherwise appealable pursuant to the Federal Arbitration Act. *See* 9 U.S.C. § 16(b); *see also Bordelon Marine, L.L.C. v. Bibby Subsea Rov, L.L.C.*, 685 F. App'x 330, 332–33 (5th Cir. 2017) ("[A]ppeals may not be taken from interlocutory orders compelling arbitration, granting stays pending arbitration, or refusing to enjoin arbitration proceedings."). Accordingly, the interlocutory order compelling arbitration is properly considered through Federal Rule of Civil Procedure Rule 54(b).

As grounds for reconsideration, Plaintiffs argue, since the issuance of the Court's prior Order (Rec. Doc. 20), the Louisiana Supreme Court's holding in *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-449 (La. 10/25/24), 395 So. 3d 717, *reh'g denied*, 2024 WL 5086340 (La. 12/12/24) constitute an intervening change in the law that "clearly and definitively" confirm that arbitration clauses in a contract for surplus line insurance, such as the clause present in this case, are void under Louisiana Revised Statutes § 22:868 and a domestic insurer may not resort to

equitable estoppel under Louisiana state law to enforce an arbitration clause in another insurer's policy in contravention of the positive law prohibiting arbitration in Louisiana Revised Statute § 2:868(A)(2). (Rec. Doc. 34, at 2). Lastly, the Plaintiffs, in their reply, recognize that the foreign insurers are entitled to arbitration. (Rec. Doc. 38, at 7).

Opposing the motion, the Defendants do not dispute whether the domestic insurers' arbitration agreements are invalidated by Louisiana Revised State § 22:868 but argue the doctrine of equitable estoppel is based on federal law and applicable in this case; therefore, the domestic insurers must be compelled to arbitration. Specifically, Defendants argue (1) the Louisiana Supreme Court's decision in *Police Jury of Calcasieu Par.* was not decided under the Convention and is not controlling in this case because *Police Jury* involved only domestic parties and was not decided under the Convention; thus, the Fifth Circuit in *Bufkin Enterprises, L.L.C. v. Indian Harbor Ins. et al.*, 96 F.4th 726 (5th Cir. 2024) controls; and (2) the domestic insurers are entitled to a discretionary stay. (Rec. Doc. 37, at 3, 11).

As the Plaintiffs recognize and the Court agrees, the foreign insurers are entitled to arbitration under the Convention. Accordingly, the Court addresses (1) whether the domestic insurers' arbitration agreements are invalidated by Louisiana Revised Statute § 22:868; (2) whether the doctrine of equitable estoppel can be used to subject domestic insurers to the Convention; and (3) whether a discretionary stay as to the domestic insurers is warranted.

First, the Court finds that *Police* Jury conclusively establishes that Louisiana Revised Statute § 22:868 invalidates arbitration agreements in insurance contracts of the domestic insurers. Where the Fifth Circuit provided the guidance of an *Erie* guess, the Louisiana Supreme Court held that legislative amendment of Louisiana Revised Statute § 22:868 (D) did not give parties to a surplus lines insurance policy the ability to contract for binding arbitration: "La. R.S. 22:868(D) neither expressly nor implicitly repealed Subsection A's prohibition of arbitration clauses in all insurance contracts issued in Louisiana, as the enforcement of such clauses deprives Louisiana courts of jurisdiction." *Police Jury of Calcasieu Par.*, 395 So. 3d at 725. Accordingly, as all attempts to contract for binding arbitration in insurance contracts is against public policy, arbitration clauses in surplus lines policies are void and unenforceable. *See id.* at 721. In the case of a voided condition, the insurance contract is enforceable, but the suspect clause is excised. *See* La. Stat. Ann § 22:868(C) ("Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract."). For these reasons, the Court finds that the domestic insurers' arbitration agreements are invalid pursuant to § 22:868.

Second, the Court addresses whether the doctrine of equitable estoppel can be used to subject domestic insurers to the Convention. The Fifth Circuit in *Bufkin Enterprises, L.L.C. v. Indian Harbor Ins. et al.*, 96 F.4th 726 (5th Cir. 2024) and the Louisiana Supreme Court in *Police Jury* clearly disagree about whether equitable estoppel can be used to subject domestic insurers to the Convention. Agreeing with

other sections of this Court, the Court finds that domestic insurers can no longer be subject to the Convention through equitable estoppel. *See Certain Underwriters at Lloyd's London et al. v. Belmont Commons LLC et al.*, No. 22-3874, 2025 WL 239087 (E.D. La. Jan. 17, 2025).

In *Bufkin Enterprises, L.L.C. v. Indian Harbor Ins. et al.*, 96 F.4th 726 (5th Cir. 2024), the Fifth Circuit held that equitable estoppel applied to allow domestic insurers to compel arbitration under the Convention even when the insured dismissed the foreign insurers with prejudice. The Fifth Circuit held that "[t]he Convention is an exception to Louisiana's general bar [on arbitration agreements in commercial surplus lines insurance policies between the insured and domestic insurers] because the policies are "subject to the Convention *through* equitable estoppel." *Bufkin Enterprises, L.L.C.*, 96 4th at 732–33 (emphasis in original). The Fifth Circuit reasoned Louisiana Revised Statute § 22:868 does not reverse preempt the Convention because the McCarran Ferguson Act does not apply to treaties. *Id.* Thus, Louisiana Revised Statute § 22:868 does "not come into play" and, therefore, "[t]here is no tension between [the doctrine of equitable estoppel] and Louisiana Law." *Id.*

In *Police Jury,* the Louisiana Supreme Court disagreed with *Bufkin Enterprises, L.L.C,* finding fault in its conclusion that domestic insurers may use the doctrine of equitable estoppel to compel arbitration under the Convention through the policies of foreign insurers. *Id.* at 729. Specifically, the Louisiana Supreme Court found that *Bufkin* did not "correctly recognize that the Convention is an international

treaty enacted to encourage 'the recognition and enforcement of commercial arbitration agreements in international contracts,'" and *Bufkin* failed to "acknowledge Louisiana's positive law on the issue," precluding "'domestic insurers' use of estoppel to compel arbitration." *Id.*  Thus, the Louisiana Supreme Court concluded that a "domestic insurer may not resort to equitable estoppel under Louisiana law to enforce an arbitration clause in another insurer's policy in contravention of the positive law prohibiting arbitration in La. R.S. 22:868(A)(2)." *Id.* at 730. Therefore, the Louisiana Supreme Court found the domestic insurers reliance on *Bufkin* was misplaced. *Id.*

The clear disagreement between the Fifth Circuit and the Louisiana Supreme Court regarding equitable estoppel, requires the Court to decide whether the Louisiana Supreme Court or the Fifth Circuit controls, *i.e.,* whether the doctrine of equitable estoppel is a matter of state law or federal law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938); *see also Certain Underwriters at Lloyd's London et al. v. Belmont Commons LLC et al.*, No. 22-3874, 2025 WL 239087, at *6 (E.D. La. Jan. 17, 2025).

The Court finds that the doctrine of equitable estoppel is a matter of state law, not federal law. Given another section of the Court's recent decision in *Certain Underwriters at Lloyd's London et al. v. Belmont Commons LLC et al.*, No. 22-3874, 2025 WL 239087 (E.D. La. Jan. 17, 2025), the Court agrees with its legal analysis in determining that the doctrine of equitable estoppel is a matter of state law. The Court adopts its legal analysis in this case. *Certain Underwriters at Lloyd's London et al.,*

No. 22-3874, 2025 WL 239087, at *6 –*8 (E.D. La. Jan. 17, 2025); *see also Crescent City Surgical Operating Co. v. Certain Underwriters at Lloyd's, London et al.*, No. 22-2625, 2025 WL 239404 (E.D. La. Jan. 17, 2025). Based on facts similar to those currently before the Court, Judge Fallon reviewed the relevant Louisiana Supreme Court and Fifth Circuit case law and made the following ruling:

> Overall, the Court concludes that whether a plaintiff can be compelled to arbitrate with a domestic insurer based on the plaintiff's arbitration agreement with a foreign insurer is a matter of state law, not federal law. [*GE Energy Power Conversion France SAS Corp. v. Outukumpo Stainless USA, LLC*, 590 U.S. 432, 440 (2020)] compels this conclusion. 590 U.S. at 437. Further, the Fifth Circuit has clearly stated that whether a "non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate" through "equitable estoppel" is a matter of "state contract law" and not "federal common law." [*Crawford Professional Drugs Inc. v. CVS Caremark Corp.,* 748 F.3d 249, 262 (5th Cir. 2014)]. This precedent is applicable to the instant Convention case. *See* [*Todd v. S.S. Mut. Underwriting Ass'n (Berm.) Ltd.*, 601 F.3d 329, 334–35 (5th Cir. 2010)] . . . Accordingly, the Court concludes that equitable estoppel is governed by state law.
>
> This determination dictates the Court's conclusion that the Louisiana Supreme Court, rather than the Fifth Circuit, controls on the issue of estoppel. *See Ward v. State Farm Mut. Auto. Ins. Co.*, 539 F.2d 1044, 1050 (5th Cir. 1976) ("[T]he Supreme Court of Louisiana [ ] is the ultimate authority on questions of state law."). And the Louisiana Supreme Court, in *Police Jury*, unambiguously rejects the use of equitable estoppel to subject domestic insurers to the Convention. 395 So. 3d at 729. As such, the Court must agree with Plaintiff's that *Police Jury*, which was decided after this court compelled arbitration and after the Fifth Circuit affirmed its decision, represents an "intervening change in the controlling law." Thus, the Court finds that reversal of its prior decision compelling Plaintiff to arbitrate its disputes with the nine domestic insurers is warranted. *See* Fed. R. Civ. P. 54(b).

*Certain Underwriters at Lloyd's London et al.,* No. 22-3874, 2025 WL 239087, at *8.

Additionally, the Court finds that the Fifth Circuit's decision in *Cure &
Associates, P.C. V. LPL Financial, LLC*, 118 F. 4th 663 (5th Cir. 2024), citied by the
Plaintiffs, also defeats argument that federal law determines the applicability of
equitable estoppel to determine whether a dispute is arbitrable.  In *Cure & Associates,
P.C.,* the issue before the Fifth Circuit was "whether nonsignatories to an arbitration
agreement may nonetheless be compelled to arbitrate under *state-law equitable
estoppel principles*." *Cure & Associates, P.C.*, 118 F.4th at 665 (emphasis added). The
Fifth Circuit looked at California and Texas state law equitable estoppel theories to
determine whether the claims of all the plaintiffs were arbitrable. *Id.* at 669
("'[T]raditional principles of state law may allow an arbitration contract to be
enforced. . . against nonparties to the contract through a number of state-contract-
law theories, including equitable estoppel.'").

Accordingly, the Court finds that equitable estoppel is governed by state law,
which dictates that the Louisiana Supreme Court, not the Fifth Circuit, controls on
the issue of equitable estoppel. In *Police Jury*, the Louisiana Supreme Court explicitly
rejects the use of equitable estoppel to compel arbitration against domestic insurers
under the Convention. *Police Jury of Calcasieu Par.*, 395 So. 3d at 729. Therefore, the
Court finds its prior decision compelling arbitration against the domestic insurers
warrants reversal because *Police Jury* constitutes an "intervening change in the
controlling law."

Furthermore, the Court disagrees with Defendants' argument that *Police Jury*
is not controlling because *Police Jury* involved only domestic insurers, whereas the

present matter includes the presence of foreign insurers. In *Police Jury*, the Plaintiff dismissed with prejudice the foreign insurers and sued only the domestic insurers. *Id.* at 721. Here, the Plaintiff has not dismissed the foreign insurers. The Court finds that the procedural posture of the foreign insurers is irrelevant and does not alter the outcome of this case. Equitable estoppel is a state law principle that pertains to the parties involved in the insurance agreement, not necessarily the parties to the lawsuit.

Lastly, the Court finds it should not enter a discretionary stay as to the domestic insurers. Federal district courts have "general discretionary power. . . to stay proceedings in the interest of justice and in control of their dockets." *Wedgeworth v. Fibreboard Corp.*, 706 F. 2d 541, 545 (5th Cir. 1983). The Court's power to stay a case is "board" but "not unbounded." *Id.* "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interest and maintain an even balance.'" *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). Relevant factors for the court to consider include whether "1) the arbitrated and litigated disputes must involve the same operative facts; 2) the claims asserted in the arbitration and litigation must be 'inherently inseparable'; and 3) the litigation must have a 'critical impact' on the arbitration." *Waste Management, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004) (citations omitted). Additionally, the Court "must carefully consider the time reasonably expected for resolution of the other case" before granting a stay pending the resolution of another case. *Wedgeworth*, 706 F.2d at 545. "The question is not ultimately one of

weighing potential harm to the interest of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration." *Waste Management, Inc.*, 372 F.2d at 545.

Having considered the relevant caselaw, weighing the competing interest of the Plaintiffs and Defendants, and weighing the factors, the Court finds that the factors weigh in favor of denying the stay. This will maintain an "even balance." Although the first and second factor weigh in favor of arbitration, the Court finds permitting the Plaintiffs to pursue litigation against the domestic insurers does not destroy the foreign insures' right to a meaningful arbitration.

Moreover, the Court finds a stay would harm the Plaintiff more than the Defendants. The Plaintiffs would have to wait while the foreign insurers arbitrate; and then proceed with litigation against the domestic insurers. Plaintiffs have already endured significant delays, with the property damage occurring over three years ago. A stay would further prolong litigation, causing continued harm to Plaintiffs' ability to obtain a timely resolution.

## <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Reopen Proceedings, Lift Stay, and Reconsider/Set Aside Prior Order Granting Motion to Stay Proceedings and to Compel Arbitration* **(Rec. Doc. 34)** is **GRANTED in part** and **DENIED in part.** The Court will lift the stay and allow Plaintiffs to litigate its claims only as to

the domestic insurers. Plaintiff's agreement to arbitrate with the foreign insurers fall under the Convention and thus remains enforceable.

New Orleans, Louisiana, this 4th day of February, 2025.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE